**UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | |
|---|---|
| Solomon Victor Walker, <br><br> Plaintiff, <br> v. <br><br> Lyndon Southern Insurance Company, Inc., DMA Claims, Inc., Jackson Insurance Agency, LLC and Janet Mitchell <br><br> Defendants. | Case No.: 9:18-cv-3399-RMG <br><br><br> **ORDER AND OPINION** |

This matter is before the Court on Plaintiff Solomon Victor Walker's Motion to Remand (Dkt. No. 17). For the reasons set forth below, the Court grants the Motion.

**I.   Background**

This action arises out of a car accident on March 18, 2016, (the "accident") between Plaintiff Walker and Oranne Brunson. Subsequently, Brunson filed an action in state court alleging negligence against Plaintiff for injuries that Brunson sustained in the accident (the "Underlying Action"). At the time of the accident, Plaintiff Walker had an insurance policy from Defendant Lyndon Southern Insurance Company, which allegedly included liability coverage limits of $25,000 per person and $50,000 per accident. (Dkt. No. 1-1 at ¶ 9.)

On November 9, 2018, Plaintiff Walker filed this action in the Hampton County Court of Common Pleas. (Dkt. No. 1-1.) The Complaint alleges a variety of negligence claims against Defendant Lyndon (Plaintiff's insurer), Defendant DMA Claims, Inc. (Lyndon's insurance adjuster), Defendant Jackson Insurance Agency, LLC (the insurance agent that sold the policy), and Defendant Janet Mitchell (an employee of Defendant Jackson). (Dkt. No. 1-1 at ¶¶ 10 – 13.) Specifically, Walker alleges that his mother-in-law, Betsy Grimes, received the summons and complaint in the Underlying Action on June 20, 2017. (*Id.* at ¶ 12.) Allegedly, Grimes, at

-1-

Plaintiff's direction, hand-delivered the complaint to Defendant Jackson's office and Defendant Mitchell informed Grimes that she would forward the complaint to the insurance company and the company would handle it. (*Id.* at ¶ 13) Mitchell allegedly also told Grimes that she should "not worry about the matter" since "Plaintiff was not at fault" for the accident. (*Id.*) After receiving the complaint, Defendants Jackson and Mitchell allegedly forwarded the complaint to Defendants "Lyndon or DMA." (*Id.* at ¶ 14.) Notably, Defendant DMA ceased its role as a claims adjuster for Defendant Lyndon on April 10, 2017, but entered an agreement with Lyndon to forward mail that it received regarding claims to Lyndon's new claims administrator.[1] (Dkt. No. 17-5.)

No one appeared on behalf of Plaintiff in the Underlying Action, and on February 9, 2018, the court entered a default judgment for $499,811.71 against Walker. (*Id.* at ¶ 18.) Defendant DMA allegedly failed to respond or take any action in response to two subsequent letters regarding the default judgment. (*Id.* at ¶¶ 19 – 20.) Ultimately, Lyndon hired counsel to represent Walker in the Underlying Action on November 7, 2018. (*Id.* at ¶ 21.) Defendant Lyndon's duty to defend and indemnify is the subject of the Related Case pending in this Court, Case No. 9:18-3019.

Plaintiff alleges that Defendants acted negligently in failing to properly handle her claim and Brunson's complaint, breached their duty to advise, and negligently misrepresented to Plaintiff that they would deliver and handle the complaint. (*Id.* at 23 – 30.) Lyndon removed the action to this Court on December 12, 2018, with the consent of Defendant DMA. (Dkt. No. 1.) Lyndon concedes that there is no federal question and that Defendants Jackson and Mitchell are citizens of South Carolina, thus destroying diversity, but argues that they were fraudulently joined as there is

---

[1] On a motion to remand for fraudulent joinder, "the court is not bound by the allegations of the pleadings, but may instead consider the entire record, and determine the basis of joinder by any means available." *Linnin v. Michielsens*, 372 F. Supp. 2d 811, 819 (E.D. Va. 2005) *citing AIDS Counseling & Testing Centers v. Grp. W Television, Inc.*, 903 F.2d 1000 (4th Cir. 1990). Regardless, the evidence submitted would not lead to a different result.

no possibility that Walker can establish negligence causes of action against them since they owed no duty of care to Walker. (*Id.*) Walker denies fraudulent joinder and moves to remand the action, which Lyndon opposes. (Dkt. No. 17; 23.)

## II. Legal Standard

Federal courts are courts of limited jurisdiction. *Strawn v. AT & T Mobility LLC,* 530 F.3d 293, 296 (4th Cir. 2008) (citation omitted). A defendant removing a case to federal court bears the burden of establishing that federal jurisdiction is proper. *Id.* (citations omitted). The existence of federal jurisdiction is determined at the time the defendant files his notice of removal. *See Pullman Co. v. Jenkins,* 305 U.S. 534, 537 (1939) (citations omitted). "On a motion to remand, the court must strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court, indicative of the reluctance of federal courts to interfere with matters properly before a state court." *Gallagher v. Fed. Signal Corp.,* 524 F. Supp. 2d 724, 726 (D. Md. 2007) (citation omitted). If there is any doubt regarding the existence of federal jurisdiction, the case must be remanded. *Md. Stadium Auth. v. Ellerbe Becket Inc.,* 407 F.3d 255, 260 (4th Cir. 2005) (citations omitted).

However, while a Court must resolve all doubt in favor of remand, under the doctrine of fraudulent joinder, "a district court can assume jurisdiction over a case even if…there are nondiverse named defendants at the time the case is removed." *Mayes v. Rapoport,* 198 F.3d 457, 461 (4th Cir. 1999). "To show fraudulent joinder, the removing party must demonstrate either outright fraud in the plaintiffs pleading of jurisdictional facts or that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (internal quotation marks omitted) (emphasis in original). This is a heavy burden, and charges the removing party with the duty to

prove "the plaintiff cannot establish a claim [against the allegedly fraudulent party] even after resolving all issues of law and fact in the plaintiff's favor." *Id.* at 424.

III. **Discussion**

Lyndon does not allege fraud, and therefore the Court focuses on whether there is any possibility that Plaintiff establish the causes of action against Defendants Jackson and Mitchell.

In South Carolina there is no "general duty of due care from an independent insurance adjuster or insurance adjusting company to the insured." *Charleston Dry Cleaners & Laundry, Inc. v. Zurich Am. Ins. Co.*, 355 S.C. 614, 619, 586 S.E.2d 586, 588–89 (2003). However, South Carolina does recognize that an agent who gratuitously undertakes to advise an insured may be liable. *See Trotter v. State Farm Mut. Auto. Ins. Co.*, 297 S.C. 465, 471, 377 S.E.2d 343, 347 (Ct. App. 1988) ("If the agent, nevertheless, undertakes to advise the insured, he must exercise due care in giving advice.").

At this stage in the proceedings, the Court cannot say that it is "impossible" for Plaintiff to make out a claim against Defendants Jackson and Mitchell under the doctrine of a gratuitous undertaking to advise. As the court explained in *Trotter*, "[a]n implied undertaking may be shown if: (1) the agent received consideration beyond a mere payment of the premium…; (2) the insured made a clear request for advice…; or (3) there is a course of dealing over an extended period of time which would put an objectively reasonable insurance agent on notice that his advice is being sought and relied on." Here, Plaintiff alleged that Defendants Jackson and Mitchell provided advice regarding the handling of a claim, namely Brunson's Complaint, under the insurance policy. (Dkt. No. 1-1 at ¶¶ 12 – 14.) Therefore, to the extent that Plaintiff, through discovery, can show that Defendants Jackson or Mitchell received some consideration for the advice, Plaintiff (or Grimes expressly on behalf of Plaintiff) clearly requested advice, or there is a long course of

dealing between Plaintiff and these insurance agents regarding these types of matters, Plaintiff may possibly be able to make out a claim under South Carolina law against Defendants Jackson and Mitchell. Therefore, the Court cannot say that there is "no possibility" that Plaintiff could make out a claim against Defendants Jackson and Mitchell, and the Court finds that they were not fraudulently joined.

Since the Complaint lacks complete diversity of the Parties, this Court lacks jurisdiction and the action must be remanded to state court.

**IV.** **Conclusion**

For the foregoing reasons, the Court **GRANTS** Plaintiff Solomon Victor Walker's Motion to Remand (Dkt. No. 17) and this action is **REMANDED** to state court. All other pending motions are **DENIED AS MOOT**.

**AND IT IS SO ORDERED.**

Richard M. Gergel
United States District Court Judge

March 11, 2019
Charleston, South Carolina